IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES TUCKER,

    Plaintiff,

v.                              CASE NO. 4:06cv299-RH/AK

MONICA DAVID, et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This matter is before the court on the magistrate judge's report and recommendation (document 25), to which no objection has been filed.

As noted in the report and recommendation, the Eleventh Circuit has held that applying the 1978 and 1997 Florida Statutes on the frequency of parole hearings to defendants convicted of prior offenses is not, without more, unconstitutional. Thus the court has said:

> Section 947.174 bears marked similarities to the California statute at issue in [*California Dep't of Corrections v.*] *Morales*[, 514 U.S. 499, 115 S. Ct. 1597, 131 L. Ed. 2d 588 (1995)]. First, it applies only to a narrow class of prisoners, though it is slightly broader than California's. Second, it only affects the timing of subsequent parole

> hearings, not the initial hearing. Third, similar to the California law, Florida's statute requires the specific finding that "it is not reasonable to expect that parole will be granted at a hearing during the following [five] years." Fla. Stat. § 947.174(1)(b). Finally, it requires the Commission to support its decision by explaining it in writing. Based on the foregoing, as in *Morales*, it appears that this statute was crafted to reduce the "futile" work of frequently "reannouncing" the denial of parole to a class of prisoners who, in the Commission's broad discretion, were very unlikely to warrant it. Accordingly, Penoyer has not alleged facts showing that changes in the law "create[d] a significant risk" of increasing the length of his imprisonment, and, as in *Morales*, we conclude that he failed to state a cognizable *Ex Post Facto* clause violation as a matter of law. *Accord Tuff v. State*, 732 So.2d 461, 466 (Fla.Dist.Ct.App.1999).

*Penoyer v. Briggs*, 206 Fed. Appx. 962, 967 (11th Cir. 2006).

Accordingly,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the opinion of the court. Defendants' motion for summary judgment (document 23) is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE. The clerk shall enter judgment accordingly and shall close the file.

SO ORDERED this 19th day of February, 2008.

                                            s/Robert L. Hinkle
                                            Chief United States District Judge